PAUL ALLEN v. THE MAYOR, &c., OF JERSEY CITY.

.1. The grant to a railroad company by its charter of power to lay out and construct a railroad between designated termini, carries with it, as an incident of the grant, power to cross streets and highways within the location of its road without any special grant to that effect.

2. A municipal corporation within the limits of which a railroad company has located its road under legislative authority may, under the power to regulate the use of streets, pass ordinances regulating the use of streets by railroad companies constructing and operating railroads within the city under legislative franchises, provided such regulations do not unreasonably interfere with the exercise of franchises conferred by the legislature.

.3. A city ordinance which prohibits digging up the surface of any street except by permission of the board of aldermen first had and obtained, as applied to a railroad company laying its track across a street within

its located right of way, is not a reasonable regulation of the company's exercise of its corporate franchises. Such an ordinance in effect declares that a right conferred by the legislature shall not be exercised except by the consent of the city government, and in that respect the ordinance is illegal and void.

On *certiorari* to Justice Stilsing.

The plaintiff in *certiorari* was arrested and prosecuted before the First District Police Court of Jersey City, upon a complaint charging him with the violation of a city ordinance, " by tearing up a portion of Jersey avenue, a public street in Jersey City, and placing, or causing to be placed, thereon a number of iron rails and a number of railroad ties, thus obstructing the free use of said street by the public."

At the hearing before the justice the defendant filed a special plea of justification, as follows, viz. :

". The defendant, Paul Allen, comes and says that it is true that he did commit the acts charged against him in said complaint, but that he is not guilty of violating any ordinance, because he says that at the time, &c., charged he was a workman employed by the New York, Lake Erie and Western Railroad Company, who is the lawful lessee of the railroad and franchises of the Long Dock Company, a corporation authorized to build a railroad extending from the eastern mouth of the Bergen Erie tunnel to the Hudson river, sixty-six feet wide, with the right to widen the same to one hundred feet; said railroad with such right of way has existed since and before the year eighteen hundred and fifty, and said New York, Lake Erie and Western Railroad Company, and its predecessors, whose rights it has lawfully acquired, has operated, and it does now operate, the same; said Long Dock Company owns, and its lessee has the right to occupy, and does occupy, lands on each side of every street which said railroad crosses to the width of over two hundred feet; said railroad in its progress to said river crosses several streets, and among them Jersey avenue, at grade, being so originally

laid out and built; and said New York, Lake Erie and Western Railroad Company having determined to lay down an additional track within its said right of way, the said Long Dock Company consenting thereto, crossing said streets, and among them said Jersey avenue, employed this defendant to aid in so doing, and the acts charged against him were done in the reasonable discharge of said employment; said railroad crosses said streets, including Jersey avenue, at grade, which grade said defendant was instructed not to interfere with nor so to lay down said track as to prevent or unnecessarily obstruct public travel, nor did he, or would he, have done so; and defendant saith that the law does not require the permission of the board of aldermen of Jersey City before laying down the additional track within the right of way aforesaid, and he admits that no such permission has been obtained, and he prays to be hence discharged, with costs."

The justice in his return certified as follows:

"The parties appeared, and defendant (by counsel) filed a plea, in which he admits committing the acts charged in the complaint aforesaid, but says that he is not guilty of violating any ordinance, for reasons set out at length in said plea. No evidence was taken, but from admissions of defendant in his said plea, judgment was rendered for the said mayor and aldermen in the sum of ten dollars."

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in certiorari, Cortlandt Parker.

Contra, William D. Edwards, City Counsel.

The opinion of the court was delivered by

DEPUE, J. The facts set out in the defendant's plea are conceded, and the object of this litigation is to determine the validity and effect of the city ordinance, as against the rights,

powers and privileges conferred by the legislature upon the·
railroad company under whose. rights the defendant justified.

By an act entitled "An act to incorporate the Long Dock
Company," approved February 26th, 1856 (*Pamph. L., p.*
57), certain individuals, owners of property in Jersey City
known as the Long Dock property, were incorporated. The·
company was authorized to receive conveyances for the Long·
Dock property; to purchase and improve lands; to establish
and maintain a ferry; and, for the purpose of improving·
property sold or purchased by them, to construct a lateral or·
branch railroad to intersect any railroad "authorized or con-
structed by law" within the limits of Jersey City, in the·
county of Hudson, with the same powers and privileges as
were conferred upon the New Jersey Railroad and Transpor-
tation Company for locating, constructing and maintaining its·
railroad by the act incorporating the latter company and the·
supplements thereto, with a restriction that such railroad
should not be laid along any. street of Jersey City without the·
consent of the mayor and common council of the city, and
that the company should provide such police and safeguard as·
the city government might require when the railroad crossed.
any street upon a level therewith.

The New Jersey Railroad and Transportation Company,·
by its charter passed March 7th, 1832, was authorized to lay
out and construct a railroad sixty-six feet in width, with as·
many sets of tracks as might be deemed necessary. *Harr.
Comp.* 376. The same powers were conferred on the Long
Dock Company by its charter; *i. e.,* to lay out and construct
a railroad sixty-six feet. in width, and to place thereon as·
many sets of tracks as the company might deem to be neces-
sary.

The Paterson and Hudson River Railroad Company was·
incorporated January 21st, 1831, with power to construct and·
operate a railroad from Paterson to. the Hudson river. *Harr.*
*Comp.* 318.

By sundry agreements, leases and validating' acts of the·
legislature, some of which are referred to by Mr. Justice

Bedle in his opinion in *McGregor* v. *The Erie Railway Co.*, 6 *Vroom* 89, 95, the property, franchises and privileges of the Long Dock Company and the Paterson and Hudson River Railroad Company became vested in the Erie Railway Company, now the New York, Lake Erie and Western Railroad Company. The railroad between the east end of Bergen tunnel and the Hudson river was built by the Long Dock Company, and, in connection with the railroad of the Paterson and Hudson River Company, forms a continuous line of railway from Paterson to the Hudson river, and, as was held by the court in *McGregor* v. *Erie Railway Co., supra*, is operated under the charter of the latter company.

The eleventh section of the act incorporating the Long Dock Company limited the continuance of the act to thirty years. By a certificate filed in the secretary of state's office on the 2d of January, 1877, the company extended its corporate existence for an additional period of fifty years, pursuant to the act of April 21st, 1876. *Rev. Sup., p.* 150.

Before the period limited in its original charter had elapsed the company obtained a right of way sixty-six feet wide and built its railroad thereon. The act for which the defendant was prosecuted was done in laying an additional track within the said right of way, crossing Jersey avenue. The grant to the company of the power to lay and construct its railroad carried with it, by implication, authority to cross with its tracks streets within the location of its route, without any special grant to that effect. *Attorney General* v. *Stevens, Sax.* 369; *Pennsylvania R. R. Co.* v. *New York and Long Branch R. R. Co.*, 8 *C. E. Gr.* 157; 2 *Dill. Mun. Corp.*, § 560. The only restriction the charter of the Long Dock Company imposed with respect to streets was that the company should not lay its railroad along any street without the consent of the municipal authorities; and the only obligation was that at street crossings on a level the company should provide police and safeguards such as the city government should require. The railroad crosses Jersey avenue at grade, and the case shows that the track was laid so as not to interfere with, pre-

vent or unnecessarily obstruct public travel. In laying its track across a street the company was in the exercise of the authority conferred by its charter.

By the charter of Jersey City power was conferred upon the board of aldermen to pass, alter or repeal ordinances for certain enumerated purposes, among which is included power to declare what shall be nuisances in lots, streets, &c., and to provide for the removal thereof; to regulate and control the running of locomotive engines, &c., and railroad cars through the streets, &c.; to regulate the use of streets and public places by foot passengers, vehicles, railways and engines; to regulate or prevent the use of streets for any other purpose than public travel, and to provide for the removal of any encroachment on streets or public places; and also to prescribe the penalties by a fine not exceeding $50 or by imprisonment not exceeding ten days, or both, for the violation of any ordinance. *Pamph. L.* 1871, *pp.* 1094–1107.

The ordinance in question is entitled "An ordinance regulating the use of streets, sidewalks and public grounds." The sixteenth section provides that " no person shall * * * put or place, or cause * * * to be * * * put or placed into, upon or within any public street, * * * any * * * thing whatsoever whereby the free and unobstructed use by the public for lawful purposes of any and every portion of such street * * * may be in anywise impeded or interfered with, * * * or disturb or dig up, or caused to be disturbed or dug up, the surface of any public street * * * in such manner that public travel therein, or in any part thereof, may be obstructed or impeded, except by permission of the board of aldermen first had and obtained, under a penalty of not exceeding ten dollars for each offence." This section, for its sanction, is referable to the provisions of the charter conferring upon the board of aldermen power to regulate the use of streets, and to prevent their use for any other purpose than public travel.

Under the powers conferred by the city charter, it was competent for the board of aldermen to pass ordinances regu-

lating the use of streets by railroad companies constructing and operating railroads within the city under legislative franchises, provided such regulations do not unreasonably interfere with the exercise of franchises conferred by the legislature. *Pennsylvania R. R. Co.* v. *Jersey City,* 18 *Vroom* 286; *North Hudson County R. R. Co.* v. *Hoboken,* 12 *Id.* 71; *Trenton Horse Car R. R. Co.* v. *Trenton, ante p.* 132; *S. C.,* 20 *Atl. Rep.* 1076. Under the power to make reasonable regulations upon the subject, an ordinance providing for notice by the company to the street commissioner, or other executive officer, of its purpose to cross a street, that the work may be done under the supervision of a city official, or that public travel shall not be unnecessarily impeded, that the surface of the street should be restored, and the like, would be within the competency of the city government. But where the legislature in the grant of franchises has prescribed the rights and privileges of such a company, the city government cannot qualify or abridge the force of the legislative grant. As against such a grant of franchises, beyond reasonable regulation, the city government, as was said by Mr. Justice Reed in the Trenton case, is powerless to interfere.

The Long Dock Company, under its charter, had power to have a right of way sixty-six feet wide, and to lay thereon as many tracks as it might deem necessary. The power to pass over streets crossing its located route was incident to the grant of the right to lay out and construct its railroad. The charter prescribed in what respects the company's rights should be subject to municipal control—that it should not lay its railroad longitudinally upon a street without the city's consent, and should protect grade crossings by police and safeguards, such as the city might require. The ordinance had no relevancy to the rights reserved to the city in the company's charter, nor is it simply a regulation of the company's exercise of its franchises. As applied to the facts of this case, the ordinance subjects the company's right to utilize its right of way under its charter to the will of the legislative department of the city government. The rights which the legisla-

ture granted to the company the ordinance, in effect, declared should not be exercised except by the consent of the board of aldermen.

The ordinance, it is true, imposes merely a moderate fine, and the construction of the track was not otherwise interfered with than by arresting a workman and imposing upon him the fine. But if the right of the city government to act in the premises is sustained, the construction of tracks, &c., on streets may be hindered by those delays which are incident to the proceedings of the legislative department of the city government, and terms may be imposed at the will of that body or consent be refused; the execution of the work may be impeded, if not prevented, by the arrest of the company's workmen, and by a change in the ordinance penalties by fine and imprisonment may be imposed from time to time for the continuance of the track after it is laid, and the track itself be removed as an unlawful encroachment upon the public street because the board of aldermen has not consented to its construction.

As applied to the facts of this case the defendant's justification was complete. The conviction was illegal and should be set aside.