THE STATE, THE CAPE MAY, DELAWARE BAY AND SEW-ELL'S POINT RAILROAD COMPANY, PROSECUTOR, v. THE CITY OF CAPE MAY ET AL.

1. It is within the authority of a city, under its police power to regulate the use of the public streets, to enact an ordinance limiting the rate of speed at which electric trolley cars of a street railway, for the carriage of passengers, may be operated in such streets.
2. The ordinance will not be set aside unless it be an unreasonable interference with the franchise or privilege conferred upon the street railway.

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Edward Ambler Armstrong.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

LIPPINCOTT, J.   At a meeting of the city council of the city of Cape May, held on July 9th, 1895, the following ordinance was adopted, to wit:

"An ordinance regulating the speed of passenger cars operated by trolley or electric power in the streets of the city of Cape May.

" Section 1.  Be it ordained and enacted by the inhabitants of the city of Cape May in council assembled, and it is hereby enacted by the authority of the same, That hereafter all passenger cars operated by trolley or electric power, within the limits of the city of Cape May, shall not run at a speed greater than six miles per hour within said city limits.

" Section 2.  And it is further ordained and enacted by the authority aforesaid, That every person or corporation offending against the provisions of said ordinance shall be subject to, and be liable to pay, a penalty of thirty dollars for each and every violation of the same.

" Section 3.  And be it further ordained and enacted, That this ordinance shall take effect immediately."

The writ of *certiorari* in this case is sued out to review the legality of this ordinance.

For the statutes under which the prosecutor was organized as a corporation, reference may be made to the case of *State, Cape May, &c., Railroad Co., pros.,* v. *Cape May,* 29 *Vroom* 565.   It is operating in the streets of the city of Cape May as an electric street railway.

This ordinance, so far as the procedure of the city council of the city of Cape May is concerned, was passed in the manner prescribed by the charter of the city.

The only reason, on *certiorari*, worthy of serious consideration, is that the city council is without legal power to pass an ordinance of this character affecting the prosecutor, which is a trolley or electric street railway constructed and operated in the streets of that city, or, in other words, it is not within the power of the city to regulate, by ordinance, the speed at which cars may run through the streets of that city.

The charter of the city of Cape May (*Pamph. L.* 1875, *p.* 206, §§ 19, 20) authorizes the city council to pass ordinances " to regulate the streets and prescribe the manner in which corporations and persons shall exercise any privilege granted to them in the use of the same; to prevent immoderate driving or riding in the streets, and to regulate the running of locomotive engines and railroad cars therein; also to provide by ordinance for the protection of persons and property."

Section 44 of "An act for the incorporation of street railway companies and to regulate the same," approved April 6th, 1886 (*Gen. Stat., p.* 3219), provides that the board of aldermen, common council or township committee may, from time to time, establish such reasonable regulations as to the rate of speed and mode of the use of the track as the interest and convenience of the public may require, and enforce the same by lawful penalties.

I think that, under these statutes, there can be no question of the power of the city council to pass the ordinance in question. It is the exercise of a police power; if without express authority of the charter of the city, yet it can be implied from the power in the public interest to regulate the use of the streets of the city.

In the case of *Traction Company* v. *Elizabeth*, 29 *Vroom* 619, Mr. Justice Depue declared the general principle to be that " the power of a municipality, by ordinance, to make reasonable regulations controlling the operation of street railway companies within the city, is undoubted. The franchise granted to these companies to use the streets of the city for railroad purposes, affords no immunity from any police control to which a citizen would be subjected." In this case the

limitation of the exercise of this police power is discussed. See, also, *Trenton Horse Railroad Co.* v. *Trenton*, 24 *Vroom* 132; *North Hudson County Railway Co.* v. *Hoboken*, 12 *Id.* 71; *Halsey* v. *Newark*, 25 *Id.* 102; *Booth St. Ry. L.*, §§ 223, 239.

The ordinance in question does not unreasonably interfere with the franchises conferred on street railway companies by the legislature. *Allen* v. *Jersey City*, 24 *Vroom* 522; *Dry Dock, &c., Co.* v. *Mayor*, 47 *Hun* 221. It being within the power of the city council to regulate their speed in the street, it must be found, in order that the ordinance be set aside, that it was unreasonable or that it unreasonably interfered with the franchise of the company and the privilege granted it by the city. *Citizens' Street Railway Co.* v. *Steen*, 42 *Ark.* 321 (1883); *Booth St. Ry. L.*, § 229.

The rate of speed fixed by this ordinance would appear to be reasonable and ordinarily considered as one necessary for the fair protection of public travel in the public streets. There appears to be no evidence in the case to show that it is not so considered.

The conclusion is that the ordinance is within the exercise of the police power of the city. This ordinance is legislative in its character and reasonable in its purpose and effect.

The proceedings of the city council in its adoption and the ordinance adopted must be affirmed, with costs.