THE STATE, THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE, PROSECUTORS, v. ANNA M. LORD ET AL.

HANNAH E. WILSON, PROSECUTRIX, v. EAST JERSEY TELEPHONE AND TELEGRAPH COMPANY AND JOHN G. FISHER, CLERK OF THE CIRCUIT COURT OF THE COUNTY OF HUDSON.

1. Under *Gen. Stat.*, p. 3459, *pl.* 21, the Circuit Court, in its order designating streets for a telegraph or telephone line and the manner of placing posts or poles, has no power to insert requirements outside the statute, although conceded by the company.

2. If the court desire to make its designation depend on such concessions, it should make its action dependent upon the tender, to the municipality affected, of a contract therefor.

3. Requirements *ultra vires* inserted in such order are unenforceable, and on *certiorari* at the prosecution of the municipality or an interested landowner, will avoid the order.

4. *Quære.* Is said statute constitutional?

On *certiorari* removing an order of the Circuit Court of Hudson county, designating streets for a telegraph and telephone line, &c.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the city of Bayonne, *Thomas F. Noonan, Jr.*, and *James Benny.*

For the private prosecutors, *De Witt Van Buskirk.*

For the defendants, *George T. Werts*, with whom was *Melville Egleston*, of New York.

The opinion of the court was delivered by

COLLINS, J.  An act of the legislature of this state (*Gen. Stat.*, p. 3459, *pl.* 21) provides that whenever any telegraph or telephone company  *  *  *  "shall apply to the common council of any city,  *  *  *  through which it is intended to construct or extend any telegraph or telephone line, for a designation of the street, streets or highways, in or upon which the posts or poles of said company may be erected, it shall be the duty of such common council  *  *  *  to give to such company a writing designating the street, streets or highways in which the posts or poles of said company shall be placed, and the manner of placing the same, subject in other respects to the provisions of the act to which this is a supplement; the street, streets or highways . *  *  *. shall be designated with due regard to the improvement of facilities

for telegraphic or telephonic communications; * * * in case such common council * * * shall not within fifty days from the time of the making of such application give to such company a writing designating the street, streets or highways in which the posts or poles of such company may be erected and the manner of placing the same, * * * it shall be lawful for such company to apply to the Circuit Court of the county, * * * and such court, * * * upon twenty days' notice to such common council, * * * shall as speedily as possible hear the matter in question and may, in the discretion of said court, * * * designate the street, streets or highways in which the posts or poles of such company may be erected and the manner of placing the same, which designation shall have the same force and effect as if made by the legislative body of said city."

Conditions existing, as claimed, to make this statute applicable, the East Jersey Telephone and Telegraph Company applied to the Circuit Court for the order authorized thereby. Jurisdiction over the city was questioned, but we think that the alleged defects were cured by due appearance.

The constitutionality of the statute was the principal point of attack of the prosecutors. It was argued that, by it unauthorized powers were conferred upon the judicial department of the state government. If we found the order, that was made, to be within the authority of the statute, this question would present serious difficulty, as would also another constitutional question, not mooted at the argument, but worthy of consideration. If the power to be exercised is judicial, it is so because it concerns the regulation of a common easement. This power was held by Chief Justice Beasley, sitting for the Chancellor, in the case of *Delaware, Lackawanna and Western Railroad Co.* v. *Erie Railroad Co.*, 6 *C. E. Gr.* 298, 304, to be inherent in the Court of Chancery, a constitutional court. It is questionable whether such a power can be vested in any other tribunal.

It is not necessary, however, to decide either of these questions, because we find the order, that was made, to be un-

authorized by the statute.   After designating the streets and highways in which the posts or poles of the company might be erected, and the manner of placing the same, the order proceeds as follows :

"And said petitioner having on said hearing, in open court, expressed its willingness to grant, accept, abide by and comply with all the concessions, terms, conditions and requirements sought to be exacted, imposed upon or required of it in and by said proposed ordinance, Exhibit C, annexed to said petition, the court doth thereupon order as follows :

"All posts or poles shall be placed and erected so as not to interfere with the safety or convenience of any persons traveling along, upon or across any of such streets or avenues ; and said posts and poles shall be straight, neatly shaven and well painted, and shall be kept well painted, and not more than fifteen inches thick at the base; and no wires shall be strung thereon less than thirty feet from the grade of the street or avenue.

" Nothing herein shall be construed so as to grant unto said company any exclusive right upon any of said highways, nor to prevent said city from granting similar privileges to any other individual, company or corporation.

" Said company shall properly replace any and all part or parts of any sidewalk or sidewalks which may be displaced by or in the placing or erection of any and every of such posts or poles, and upon failure so to do, after ten days' notice, the street commissioner of said city shall have the right to so replace and charge the cost thereof to said company, and recover the same from said company for the benefit of the city, by an action at law.

" If said city shall give or grant to any person or persons the right or license to remove or transport any building through, upon or across any street, avenue or highway upon which the said company shall have its poles and wires erected and strung, and said wires shall interfere with or obstruct the removal or transportation of such building, said company, at its own expense, and at the request of the person or persons

having the right or license to remove or transport such building, shall cut said wires or so adjust the same as to permit the free and unobstructed passage, removal and transportation of said building.

"Said company, its successors and assigns, shall indemnify and save harmless the said city from any and all actions and causes of action, at law and in equity, to be brought against it by any person or persons, corporation or corporations, by reason of the erection of said line and fixtures, or by reason of anything therewith connected. In case any authorized public or street improvement necessitates the changing of the location of said poles and wires or any part thereof, said company will, at their own expense, change the location of the same, to accommodate and conform with any such public or street improvement, within twenty days after receiving from said city written notice so to do, and in case said company shall neglect, for the space of twenty days after the service upon said company of said notice, said city may remove said poles and change the location thereof as aforesaid at the expense of said company, and said city shall not be liable for any damages whatever, caused by said removal of said poles and wires.

"Said company shall furnish, free of charge to said city, for its fire alarm and police, wires upon all poles erected pursuant to this ordinance, and shall furnish the police and fire department of said city telephone connection with such of its engine-houses and police stations as the mayor and council of said city shall from time to time designate, at the rate of twenty-five dollars per year for each house or station, payable quarterly, for each instrument, except an instrument shall be placed and maintained at police headquarters, in the city hall, free of charge; and said company shall connect the telephone instruments so to be placed and maintained at police headquarters by a separate and independent wire with the telephone exchange of the New York and New Jersey Telephone Company, located in said city of Bayonne, all such instruments to be used for fire, police and city purposes only. Said

company shall also keep the above instruments and appliances and wires connecting the same in proper order and repair. Said company shall also furnish and keep in repair, without extra charge, the necessary switch and connections between police headquarters and the various fire-houses and police stations. Such connections with any new fire-houses or police stations shall be made within sixty days after formal written demand is made therefor by said city upon the general manager's department of said company; provided, that within that time the said city furnish to said company the right of way necessary for the construction of a line to such new station or stations from the main or other line of said company.

"Said company shall deposit with the city treasurer the sum of two hundred and fifty dollars as a forfeit, to have said poles properly painted, in case said company fails, for three months after said proposed line is completed, to properly paint the said poles."

There is no authority given by the statute to the Circuit Court for some of these requirements of its order; nor can we think of any way in which they could be enforced. Such requirements might very properly enter into a municipal ordinance, which, if accepted, would form a contract between the telephone company and the municipality, binding on both parties (*Humphreys* v. *Bayonne*, 26 *Vroom* 241), but the Circuit Court has no power to make a contract. The power of the court to designate a route is indeed discretionary, and we do not say that it may not impose as a condition precedent to its action, a tender by the company to the municipality of a contract embracing proper protection and a reasonable return for the privilege to be afforded, or make its designation conditional upon such a tender; but that is very different from what was attempted in this case.

It is argued that these *ultra vires* requirements of the order were at the voluntary concession of the company, of which the city of Bayonne need not avail itself unless desirable, and therefore should not be heard to complain; but we cannot adjudge that they did not influence the discretion exercised in

making the designation of a route or in the selection of the particular streets designated. On the contrary, we think that in legal presumption they did influence that discretion, and, being unenforceable, must avoid the action based upon them.

The order under review must be set aside, with costs to the city. The order thus falling, it is not necessary to consider the objections, to the statute and proceedings, of the private prosecutors. As abutting owners on some of the streets affected, they have a standing for their writs, and are entitled to costs.