THE STATE, THE CONSOLIDATED TRACTION COMPANY, PROSECUTOR, v. THE TOWNSHIP OF EAST ORANGE AND STEPHEN M. LONG, TOWNSHIP CLERK.

THE STATE, HARRISON SLOCKBOWER, PROSECUTOR, v. THE TOWNSHIP OF EAST ORANGE AND GEORGE H. ELLIOTT, JUSTICE OF THE PEACE.

THE STATE, GEORGE L. HOLLAND, PROSECUTOR, v. THE TOWNSHIP OF EAST ORANGE AND GEORGE H. ELLI-OTT, JUSTICE OF THE PEACE.

1. An ordinance of the township of East Orange, in the county of Essex, adopted by the township committee of that township, entitled "An ordinance to regulate the running of electric wires in the township of East Orange," which provides " that no person shall trim, cut or break any tree, limb or twig thereof, standing upon a public street or highway of the township, without first obtaining permission of the township committee or their authorized agent," and providing for the imposition of a penalty of $25 for a violation of such provision of such ordinance, is a valid and reasonable exercise of the police powers vested in the municipality, under the statutes (*Pamph. L.* 1867, *p.* 124; *Pamph. L.* 1873, *p.* 124) which authorize the township committee to provide, by ordinance, for the regulation of the use of the public streets, and "to direct and regulate the planting, rearing, trimming and preserving of shade trees in the streets and public places of said township, and to authorize or prohibit the removal or destruction of said trees, and to restrain and punish persons injuring or defacing the same."

2. Permission by an ordinance, or agreement with the township authorities, to an electric street railway company to operate its cars through the streets, is not a grant, *ipso facto*, of the right of the township to the

trees standing in such street, nor does it divest the properly-constituted municipal authorities of the reasonable control over such trees as a part of the street, and a reasonable regulation or ordinance controlling the company in the use of such trees in the operation of the street railway will be upheld as an exercise of the police power of the township.

3. The ordinance in question is a reasonable exercise of such police power.

On *certiorari.*

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutors, *Spencer Weart* and *Jarvis N. Atkinson.*

For the defendants, *Philemon Woodruff.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The Consolidated Traction Company, a corporation of this state, is operating an electric street railway in Main street, in the township of East Orange, by virtue of certain leases from the Newark Passenger Railway Company and the New Jersey Traction Company, and also by virtue of an ordinance of the township authorizing such operation. The agreement to operate an electric street railway in this street was originally made between the township of East Orange and the Newark Passenger Railway Company, and by virtue of the leases above mentioned and the ordinance of the township, the Consolidated Traction Company became vested with all the rights and franchises of the other companies.

On the southerly side of Main street the Consolidated Traction Company had strung its electric feed-wires on poles to supply the motive power to the cars.   On that side of the street shade trees were growing along the edge of the sidewalk.   On December 21st, 1896, the company deeming it necessary for the operation of the street railway and to prevent them from interfering with these wires, proceeded to cut off some of the limbs and branches of such trees.   The em-

ployes of the company, Slockbower and Holland, the other prosecutors herein, did the cutting under the direction of the company. Complaint was made against them and they were convicted before a justice of the peace of violating the ordinance of the township and a fine of $25 each imposed upon them.

Thereupon these writs of *certiorari* were sued out to review the validity and reasonableness of the ordinance by virtue of which the convictions were had.

The title of the ordinance is "An ordinance to regulate the running of electric wires in the township of East Orange." It was formally enacted by the township committee on February 19th, 1889. The agreement for the operation of the street railway was entered into July 30th, 1896, and the ordinances permitting its operation sometime subsequently.

The fourth section of the ordinance provides "that no person shall cut, trim or break any tree, limb or twig thereof, standing upon a public street or highway of the township, without first obtaining permission of the township committee or their authorized agent." The fifth section provides for the imposition of a penalty of $25 for a violation of any of the provisions of the ordinance.

The only question arising is whether the ordinance is valid as a reasonable exercise of the police powers of the township authorities.

By a supplement to an act entitled "An act to create from a part of the township of Orange, in the county of Essex, a new township, to be called the township of East Orange, approved March fourth, eighteen hundred and sixty-three," approved February 28th, 1867 (*Pamph. L.*, *p.* 124), it was provided, in section 5, "that the township committee shall have power to pass by a majority of their number such ordinances, by-laws and regulations as they may judge proper to direct the planting, rearing and trimming of shade or ornamental trees, and to abate and remove all nuisances in the streets and public places of the township of East Orange."

By a further supplement, March 10th, 1873 (*Pamph. L.*,

*p.* 324), more ample power was conferred upon the township committee to provide by ordinance for the regulation of the use of the public streets of the township and "to direct and regulate the planting, rearing, trimming and preservation of shade trees on the streets and public places of said township, and to authorize or prohibit the removal or destruction of said trees, and to restrain and punish persons injuring or defacing the same."

It is clear that under these statutes the township committee were possessed of the power to enact ordinances to determine the mode and the manner in which the shade and ornamental trees standing upon the public streets should be cut or trimmed for the purposes of regulating the running of electric wires through such streets and public places of the township. It was the proper exercise of the police power and control over the streets and this subject-matter. *Traction Company* v. *Elizabeth*, 29 *Vroom* 619 ; *Cape May Railroad Co.* v. *Cape May*, 30 *Id.* 393, 396, 404.

The ordinance is reasonable in its provisions. It provides only before the trees shall be cut down or the branches thereof cut off that the consent of the township committee shall be obtained. This is necessary and reasonable for the orderly control and regulation of the streets and public places in this respect, to the end that the usefulness of the streets and the trees thereon be, so far as practicable, preserved to the public. Under the power and duty conferred by the legislature it would seem to be reasonable that before such trees should be cut down, defaced or the limbs thereof cut off by any person or corporation in the use of the street, the consent of the municipal authorities should be obtained in respect to the mode in which the destruction, partially or wholly, should be effected. The ordinance is not prohibitory but only regulative, and is reasonable in all its essential features.

The question is not whether the acts of cutting or trimming these trees were reasonable acts in the operation of this electric street railway, but whether the ordinance requiring con-

sent of the municipal authorities is a reasonable exercise of the municipal police power conferred by the legislature of the state upon them.

The conclusion is that it is not only a valid but also a reasonable exercise of such power. The ordinance is a reasonable one.

A contention is made by the prosecutors that because the township of East Orange granted permission to operate its cars and string its wires through this street, it has also, *ipso facto*, granted whatever rights it had in the trees therein, in so far as a proper operation of the cars by the stringing of wires is concerned.

This contention cannot for a moment be admitted. As a matter of fact neither the ordinances nor the agreement by which these wires are strung and the cars operated through this street confer or convey any such rights to the company. The wires are required to be strung on poles, and no mention whatever is made of any control over the trees or any use to which they can at all be devoted. The clear implication, I think, would be that in erecting the poles and stringing the wires all interference with the trees should have been avoided.

Nearly all kinds of reasonable regulations can be imposed upon street railways in the use of the streets, by the municipality, under the authority granted by the legislature to pass ordinances to regulate the use of the streets, and such resolutions are never declared unlawful on the ground that they impair the franchises of the company. Even direct legislative authority to a street railway company to carry passengers over the streets of a city does not exempt the corporation from municipal or police control. The principle is a general one, that when a business is authorized to be conducted by a corporation within a municipality, the latter presumptively possesses the same right to regulate it that it has over a like business conducted by private persons. A grant to a corporation of the right to own property and to transact business affairs confers no immunity from police control to which the citizen would be subjected, and a reasonable regulation of the

franchise is not a denial of the right, or an invasion of the franchise, nor a deprivation of its property, or interference with the business of the corporation. The company is presumed to know that the business of operating a city street railway must be conducted under such reasonable rules and regulations as the municipality may impose, and subject to its share of the burdens incident to the conduct of the municipal government. *Dill. Mun. Corp.* (*4th ed.*) 720 ; *Trenton Horse Railroad Co.* v. *Trenton,* 24 *Vroom* 132; *Allen* v. *Jersey City,* 24 *Id.* 522; *Traction Company* v. *Elizabeth,* 29 *Id.* 619; *Cape May Railroad Co.* v. *Cape May,* 30 *Id.* 396, 401 ; *Booth St. Ry. L.,* §§ 223, 229.

The case of *Allen* v. *Jersey City,* 24 *Vroom* 522, has no application to the facts presented here. In that case the legislative grant was to do the act which was complained of, *i. e.,* placing its rails and ties on the public street. There is no question that the grant, whether it be by the legislature or by the municipality, to operate a street railway along a street would incidentally carry with it the right to lay its rails and ties in the public street, and an ordinance providing this should not be done without the consent of any particular municipal board would be unreasonable. See *Kennelly* v. *Jersey City,* 28 *Vroom* 293.

Upon these principles the ordinance in question was a valid and reasonable exercise of the police power of the municipality, and it, and the convictions under it, must be affirmed, with costs.