HOME TELEPHONE COMPANY OF NEW BRUNSWICK v. THE COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

Argued February 16, 1898—Decided June 13, 1898.

1. The Telegraph Companies act of April 27th, 1888 (*Gen. Stat.*, p. 3459), supersedes the similar acts of March 11th, 1880, and April 1st, 1887.

2. The legal duty imposed upon municipal bodies by said act of April 27th, 1888, to designate streets and highways on which a telegraph or telephone line may be constructed, exists only for the construction of such a line *through* the municipality, and does not arise with respect to the construction of a local system of lines within the municipality.

On *mandamus*.

Before Justices DIXON and COLLINS.

For the relator, *Alan H. Strong*.

For the defendant, *Charles L. Corbin*.

The opinion of the court was delivered by

DIXON, J.  The Home Telephone Company of New Brunswick asks for a *mandamus* commanding the common council of the city of New Brunswick to grant an application presented to it in the following form:

"*To the Honorable the Common Council of the City of New Brunswick, N. J.:*

"GENTLEMEN—The undersigned, the Home Telephone Company of New Brunswick, a body corporate under an act of the legislature of the state, entitled 'An act to incorporate

and regulate telephone companies' (Revision), approved April 9th, 1875, and the several supplements thereto, hereby respectfully applies to your honorable body, as the legislative body of the city of New Brunswick having the power in the premises, for the passage of an ordinance designating the streets or highways upon which poles may be erected by said company.

"Your petitioners respectfully represent that they are incorporated to furnish telephone service to the people of New Brunswick and vicinity, and that it is the purpose of said company to construct its telephone lines through the city of New Brunswick in carrying out the objects of its incorporation.

"Your petitioners therefore ask for the privilege of the following streets and avenues to place poles therein, in accordance with this their petition, viz., Albany street, George street, Paterson street, Schureman street, Neilson street, Burnet street, Hiram street, Church street, Washington street, Catherine street, Bristol street, Easton avenue, Stone street, Mine street, College avenue, Somerset street, Hamilton street, Guilden street, Hardenburgh street, Scott street, French street, Schuyler street, New street and such other streets as they may need to reach their subscribers, consent of property-owners and of the common council first obtained.

"The charge for unlimited telephone service within the city of New Brunswick shall be—to the citizens and business men of said city at a rate not to exceed three dollars per telephone per month for business places and at a rate not to exceed two dollars per telephone per month for residences. Outside of the city of New Brunswick, to all places throughout the state with which said Home Telephone Company of New Brunswick has connections, the amount of tolls will be one-third less per message than is now charged by the Bell company.

"HOME TELEPHONE COMPANY OF NEW BRUNSWICK,
              "JOSEPH S. VAN DYKE,
                        "*Vice President.*

"Dated September 7th, 1897."

If we could regard the foregoing petition as requesting merely the designation of a continuous route for a line to be erected by the company through the city, we would have no doubt of the duty of the council to grant it. But we do not so interpret the petition. It plainly expresses the purpose of the company to construct several lines in the city for unlimited telephone service within the city to business places and residences, and to that end names various streets by which the company may reach its subscribers, and which it would not be practicable or suitable to use for a continuous route through the city. The question is therefore presented whether a clear legal duty rests on the common council to grant the application for such a purpose, since, without that, a *mandamus* should not issue.

The basis on which such a duty is claimed to rest is found in the Telegraph Companies acts, approved March 11th, 1880, April 1st, 1887, and April 27th, 1888. *Gen. Stat., p.* 3459.

Of these we think the last only is now operative, for, in our judgment, it has superseded the previous statutes.

The first section of the act of 1887 was plainly but a substitute for and extension of the first section of the act of 1880, for, except as it broadened the scope of the law, it adopted the very words of the earlier act and covered the same ground. Then came the act of 1888, which is, in terms, an amendment of the act of 1887, and so, of course, takes its place.

Looking, then, at the act of 1888, the intent of the legislature seems clear that only for the purpose of enabling companies to construct or extend through lines were the imperative terms of the statute employed. This appears from the fact that only in a municipality *through which* it is intended to construct or extend the line does the law operate; and is made perfectly manifest by the provision that "the street, streets or highways to be designated shall be such as form a practicable and suitable continuous route for the line of the company through such municipality."

But counsel for the company contends that the acts of 1887 and 1888 are unconstitutional, and therefore the act of 1880 must control.   The objections urged against the constitutionality of these statutes, so far as they could affect the duties of municipal bodies, have not seemed to merit, nor have they received, much consideration from us, for we find in the act of 1880 itself sufficient indication of the same legislative design to impose upon the local authorities the *duty* of designating streets for the erection of poles, &c., only in order that a through line may be constructed.   It is only upon a city or town "*through which* it is intended to construct a telegraph line*" that the prescribed duty is enjoined.

The reason for such a discrimination between through lines and local systems is readily perceived.   The former are chiefly for the benefit of persons outside of the municipality to be traversed, who have not committed their interests to the local boards, and hence the legislature has rightly refused to vest in those boards control over such interests, but with respect to local systems, which concern wholly or mainly the inhabitants of the municipality, the discretion of the local government, which those inhabitants have chosen, is properly made paramount.

The motion for a *mandamus* should be denied, with costs.