THE INHABITANTS OF THE TOWNSHIP OF SUMMIT

*v.*

THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

[Submitted July 25th, 1898.    Filed August 12th, 1898.]

1. Highways of the township of S., which are shown to be in fact streets of a town and not county roads, within *Gen. Stat. pp. 3458, 3461* ¶¶ *9, 24* (giving telephone companies the right to set their poles on public roads and highways of the state, provided no poles shall be placed in any "streets of an incorporated town," &c.), are streets of an incorporated town.

2. *Gen. Stat. pp. 3458, 3461* ¶¶ *9, 24*, providing that telephone companies may use streets subject to such regulations and restrictions as the corporate authorities may impose, do not warrant a regulation which imposes new conditions on the exercise of the corporate franchise.

3. An ordinance providing that no telephone wire shall be stretched across any public street without the consent of the township committee, is not a regu-

lation and restriction, within *Gen. Stat. pp. 3458, 3461* ¶¶ *9, 24*, giving telephone companies the right to stretch wires over streets in incorporated cities and towns, under certain conditions, subject to such "regulations and restrictions" as may be imposed by the corporate authorities.

---

On bill for injunction, &c. Application for preliminary injunction, heard on bill and affidavits and answering affidavits.

*Mr. Corra N. Williams* and *Mr. Richard V. Lindabury*, for the application.

*Mr. Charles L. Corbin, contra.*

EMERY, V. C.

The bill in this case is filed by the inhabitants of the township of Summit to enjoin a telephone company from running its wires over certain of the public streets of the township. The poles upon which the wires are suspended are not located in the public streets, but upon private property by consent of the owners, and, as appears by the defendant's affidavits, where the wires cross streets the consent thereto of the owners of the land abutting on the street at the place of crossing has been obtained. The wires crossing the street are suspended at an elevation which does not interfere with public travel on the streets. The present application is for a preliminary injunction restraining the further erection of poles or suspension of wires across the street pending the hearing, and also for a mandatory injunction requiring the removal, pending hearing, of the wires already erected, but at the hearing mandatory injunction was not asked. The right of the township to enjoin the suspension of wires across the public streets is based upon the claim that, under the statute relating to telephone companies, and the ordinance passed by the township authorities under its authority, the telephone company has no right to suspend its wires across the public streets without the consent of the township committee, and that this consent has not been given. If the statute does require such previous consent, then, under the decisions of this court, this statutory

right may be assured to the township by a preliminary injunction, which is the only method of enforcing it.    *Franklin Township* v. *Nutley Water Co., 8 Dick. Ch. Rep. 601; Stockton, Attorney-General,* v. *Atlantic Highlands, &c., Railroad Co., 8 Dick. Ch. Rep. 418 (Chancellor McGill, 1895).*

The main question on this application is whether the company is required, either by statute or ordinances made thereunder, to obtain the previous consent of the township authorities to suspend its wires across the streets.   The "Act relating to telephone companies" (*Gen. Stat. pp. 3458, 3461 ¶¶ 9, 24*) provides that

"any telephone company organized under the act shall have full power to use the public roads and highways in the state, on the line of their route, for the purpose of erecting posts or poles on the same to suspend the wires and other fixtures, upon first obtaining the consent in writing of the owner of the soil; provided, however, no posts or poles shall be erected in any street of any incorporated city or town without first obtaining from the incorporated city or town a designation of the streets in which the same shall be placed and the manner of placing the same, and that the same shall be so located as in no way to interfere with the safety or convenience of persons traveling on or over the said roads and highways, and that the use of the public streets in any of the incorporated cities and towns of this state shall be subject to such regulations and restrictions as may be imposed by the corporate authorities of said cities or towns."

The ordinance passed by the township committee in relation to wires provides that

"no wire shall be stretched across any public street, avenue or highway in said township, nor laid under the soil of any public street, avenue or highway without the permission of the township committee."

No ordinance has been passed regulating in any other manner the use of the streets of the township for wires.   Two questions arise under this statute and ordinance—*first,* whether the complainant is an incorporated town, within the meaning of the statute giving to such towns the right of regulation of the use of the streets; and, if so, then, *second,* whether the ordinance in question is a regulation of the use of the streets, within the meaning of the statute.   Both questions must be answered in the affirmative, in order to sustain complainant's right to an injunction, for

the case of *American Telephone Co.* v. *Town of Harrison, 4 Stew. Eq. 627 (Vice-Chancellor Van Fleet, 1879)*, is a controlling decision in this court, made directly upon the point, and to the effect that under this statute, and in the absence of a regulation by the municipal authorities for the use of wires across streets, a telegraph company, erecting its poles on private property with the consent of the owners, has a legal right to cross the street with its wires at a proper elevation above the street.

The township of Summit was created by special act March 23d, 1869 (*P. L. of 1869 p. 538*), and its inhabitants, on incorporation, were invested with the general powers of other townships in the county of Union. No special powers other than those conferred upon townships in general have been granted, and the defendant therefore contends that the township cannot be considered an "incorporated town" under the statute in question. The supreme court, however, in a case where the point was directly involved, and was the preliminary question, held that the word "town," as used in this act, should receive an interpretation broad enough to include municipalities formally styled townships, boroughs or villages, where the public highways were in fact streets as distinguished from country roads. *Broome* v. *Telegraph Co., 20 Vr..624 (1887)*.

The judgment in this case was affirmed on error, but the court in affirming expressly reserved decision upon this point. *S. C., 21 Vr. 432, 434.* This reservation by the appellate court is relied on by defendant's counsel as limiting the controlling effect of the judgment of the supreme court now in question, but I cannot so regard it. The reservation undoubtedly has, and was intended to have, the effect of leaving the appellate court itself free to examine the question *de novo* hereafter, when thought necessary, but the correctness of the decision below was not expressly questioned or declared to be doubtful, and therefore, as it seems to me, the decision of the supreme court must, by this court, still be considered as a decision by a court of co-ordinate jurisdiction directly upon a point involved. Under the general rule of comity of our courts, such decision of a court of co-ordinate jurisdiction should be followed (*Palmer* v. *Johnson,*

Township of Summit *v.* N. Y. & N. J. Tel. Co.

*13 Q. B. Div. 351, 355, Brett, M. R., 1884*), and there is nothing in the present case to withdraw it from the operation of this general rule. For the purposes of the present application, I shall therefore apply the test laid down by the supreme court in *Broome* v. *Telegraph Co., supra*, as the character of the complainant corporation. The affidavits sufficiently show that the highways of the township of Summit, or at least the highways now involved, are streets of a town and not country roads, and I therefore hold that the township has the power under this act to regulate the use of these streets at the crossings in question.

The second question raised is whether the ordinance requiring the previous consent of the township committee to the suspension of wires across the streets is a regulation of the use of the streets within the statute. The statute itself, which is the only foundation of the right of the township to pass any ordinance on the subject, has not imposed the condition requiring such previous consent, nor does it expressly confer upon the township the right to prohibit or prevent the use of the streets. A right to prevent the use of the streets for suspending wires unless previous consent is obtained, if such a right be lawfully conferred, authorizes a refusal to consent at discretion and confers a virtual power of prohibition. The right to the use of the streets has been expressly granted by the legislature, and the power to prohibit or interdict this use so granted cannot be inferred from the declaration in the proviso annexed to the grant that the use should be subject to such regulations and restrictions as may be imposed. The restrictions intended in such a proviso must be held to be restrictions in the nature of regulations, and not restrictions which shall prohibit the use or impose new conditions to the power to exercise the franchise. A power to "regulate and control" the driving of cattle in streets does not give power to prevent it altogether. *McConvill* v. *Jersey City, 10 Vr. 38, 44 (Supreme Court, 1876)*. Such power of prohibition, or of imposing conditions upon which the franchise should be exercised at all, was not vested in the township authorities by the statute, nor can the township committee, by its own ordinance, confer upon itself this power or the absolute

right of previous consent.   An ordinance imposing a new condition upon which the telephone company may use its franchise in or over the public streets, granted by the legislature, is an entirely different thing from an ordinance regulating and restricting the manner of erection and use in or over the streets.   The effect of such ordinance is to interdict the enjoyment by the company of its franchise except upon terms and conditions which the legislature, in its charter, has not imposed.   This is the language of Mr. Justice Depue in *North Hudson County Railway Co.* v. *Hoboken, 12 Vr. 71, 75,* in reference to an ordinance requiring a license from the city as a condition of running cars where no authority to require such license has been conferred, and the same principle seems to me to be applicable here. Counsel for the complainant rely upon the opinion of Mr. Justice Dixon in *State, Home Telephone Co.* v. *New Brunswick, 40 Atl. Rep. 628 (Supreme Court, June, 1898),* as indicating that, in reference to the construction of a local system of telephones such as is involved in this case, the municipal authorities have an absolute discretion.   But this decision was upon the question whether, under the Telegraph and Telephone act, the municipal authorities could be compelled to make a designation of public streets in which the poles could be located for a local system. The court held that such designation of streets to be used was compulsory only for the through route of the company, but the decision does not, in my judgment, reach the present question. In the present case, the telephone company, having erected its poles for its local system, not on the public streets, but on private property and with the consent of the owners of the soil, does not require any designation or use of the public streets for the erection of its poles.

The right of the company to the use of the streets for the mere suspension of wires over them, is based on the authority expressly given by the legislature to use the highways for erecting poles to sustain wires, and on the consent of the owner of the soil ; and this use is not, by the statute, made subject to the mere discretion of the municipal authorities.   They can only regulate and restrict it by reasonable regulations.

Another case—*State, Consolidated Traction Co., pros.,* v. *East Orange, 32 Vr. 202*—was also relied on to sustain the ordinance as a regulation. In this case an ordinance which provided that

"no person should trim, cut or break any tree, limb or twig thereof, &c., without first obtaining permission of the township committee or their authorized agent,"

was sustained as valid and reasonable. But the township in this case had express legislative authority " to authorize and prohibit the removal or destruction of trees," and the ordinance against removal or destruction, without previous consent, was therefore no extension of their power of prohibition, but a limitation of it; and, besides, the subject-matter of the ordinance, viz., the removal of trees, &c., was one of such character that the provision for the consent of the committee or its authorized agent, in each particular case of removal, was a reasonable regulation and perhaps the only practical regulation that could be made. Neither of these considerations, on which the decision was based, is applicable in the present case.

I conclude, therefore, that this ordinance in question is not a " regulation and restriction " under the statute, and that the complainant has therefore failed to show any right to a preliminary injunction, on the basis of the protection of a statutory right of previous consent. There being no interference with the public travel or use of the streets, there can be no preliminary injunction upon that ground, and the application is therefore denied.