THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY v. THE MAYOR AND COUNCIL OF THE BOROUGH OF BOUND BROOK.

Submitted December 8, 1900—Decided February 25, 1901.

1. A delegation of power by the legislature to the Circuit Court to designate a route for a telephone line through a municipality in case the municipal authorities do not, upon application, make the designation within fifty days, is improper and void.

2. An application for the designation of a route for a telephone line part way through a municipality, where the part applied for connected other parts of a through line, is within the acts of the legislature of 1880, 1887 and 1888 relating to telegraph companies.

3. The act of 1900 (*Pamph. L., p.* 74) does not confer any discretion upon the municipality, upon application, to designate a route for a through line.

On *mandamus.*

Before Justices GARRISON and GARRETSON.

For the relator, *Corbin & Corbin.*

For the defendant, *William F. Vosler* and *Alan H. Strong.*

The opinion of the court was delivered by

GARRETSON, J.    This is an application for a *mandamus* upon the mayor and council of Bound Brook to designate a route for a telephone line through the borough.

In the case of *Home Telephone Co.* v. *New Brunswick,* 33 *Vroom* 172, where an application was made for a route through various streets of the city, the court says: "If we could regard the petition as requesting merely the designation of a continuous route for a line through the city, we would have no doubt of the duty of council to grant it.

"The basis on which such a duty is claimed to rest is found in the Telegraph Companies acts, approved March 11th, 1880, April 1st, 1887, and April 27th, 1888.   *Gen. Stat., p.* 3459.

"Of these we think the last only is now operative, for, in our judgment, it .has superseded the previous statutes.   The first section of the act of 1887 was plainly but a substitute for, and extension of, the first section of the act of 1880, for, except as it broadened the scope of the law, it adopted the very words of the earlier act and covered the same ground. Then came the act of 1888, which is, in terms, an amendment of the act of 1887, and so, of course, takes its place."

It is admitted by the counsel of the company that the delegation of power to the Circuit Court in the act of 1887 to designate a route in case the common council does not make the designation within fifty days, is improper and void, and

for that reason application for *mandamus* is made to this court.

The counsel of the borough claims that this delegation of power to the Circuit Court is void and renders the entire act unconstitutional.

We think that the act of 1888 contains an improper delegation of power to the Circuit Court, and in that respect is void (*Bayonne* v. *Telephone Co.*, 32 *Vroom* 136), but we do not think that this renders the rest of the act unconstitutional.

In the case of *Home Telephone Co.* v. *New Brunswick, supra,* it is to be noticed that it did not appear to be claimed that the company's remedy for the city's failure to act was by application to the Circuit Court, but that requirement was disregarded and application made to the Supreme Court for a *mandamus.*

In that case the court holds that the purposes of these acts is to impose upon the local authorities the duty of designating streets for the erection of poles, &c., only in order that a through line may be constructed.

Applying that construction to the present case we think that the application is within it. The line was already in existence as a through line, but was built in the borough of Bound Brook, in part, upon private property, by permission, which might at any time be withdrawn, and the through line be interrupted, and the application was for the designation of streets which would fill up this interval and connect the parts of an already existing through route, built, so far as it appears, under lawful authority. The designation applied for was a part of a through line, and although the route asked for extended only part way through the borough, yet it connected other parts of a through line, and we think was within the legislation above referred to.

It is urged that an act amendatory of the Telegraph act of 1875, approved March 19th, 1900 (*Pamph. L., p.* 74), so affects the legislation above referred to so as, by the eighth section, to give a discretion to the municipal authorities to consent to or refuse the erection of poles by a telephone com-

pany, but it is only necessary to say that whatever power is given to the municipal authorities by this section they already had by the act of 1875, for it is simply a re-enactment, in that respect, of section 8 of the law of 1875, which was in force when the acts of 1880, 1887 and 1888, *supra,* were passed. The present case is not affected by the act of 1900.

The New York and New Jersey Telephone Company appears to be a company duly incorporated under the act of 1875 to incorporate and regulate telegraph companies. It was originally incorporated under that act as the New Jersey Telephone Company, and subsequently changed its name to the New York and New Jersey Telephone Company, as it might do under the General Corporation act.

The writ of *mandamus* will be allowed.