HUDSON AND MANHATTAN RAILROAD COMPANY *v.* MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

Argued June 10, 1907—Decided December 4, 1907.

Where a statute authorizes the doing of a certain thing in the prosecution of a public work, a city ordinance that makes the doing of such thing a penal offence unless the permission of the city be first had is not a valid exercise of municipal regulation.

---

On *certiorari.*

Before Justices GARRISON and SWAYZE.

For the prosecutor, *Collins & Corbin.*

For the defendant, *John J. Fallon.*

The opinion of the court was delivered by

GARRISON, J.    Two writs of *certiorari* bring up two several convictions of the prosecutor for the violation of two sections of the ordinances of the city of Hoboken, viz., section 140 and section 180. Inasmuch as the facts upon which the convictions rest and the legal grounds of defence urged are the same in each instance the two cases may be conveniently treated together.

Section 140 imposes a penalty upon any person who shall make an excavation in any street without first obtaining a permit therefor from the city authorities. The granting of a permit, which is not expressly provided for in any section of the city ordinances, is implied in section 138 which requires a deposit of money when a permit to excavate is granted, "except in cases where such opening, excavation or disturbance shall be directly authorized by law." Section 180 makes it unlawful to displace any paved street without the permission of the committee on streets, and provides a penalty for neglect or refusal to replace such street, when broken up under such permission. The convictions in each case rest upon the fact that the prosecutor, without permit or permission obtained from the city, took up the street pavement and excavated the soil under Hudson place. It also appeared in proof that this was done in the construction by the prosecutor of its underground terminal station, that the surface of the street was securely planked and that travel upon the street was not interrupted, and has been at all times safe. The defendant's claim, under these proofs, is that under the General Railroad law (*Pamph. L.* 1903, *p.* 657, § 23) the prosecutor whose route lies in part under the waters of an interstate river may lawfully tunnel under streets, not interfering with the use thereof. The defendant put in evidence its certificate of incorporation

under the General Railroad law and a survey of its route which showed that the excavation complained of was within its right of way, the centre line of which is coincident with the centre line of Hudson place. The prosecutor also showed that its excavation connected with its terminals under the Hudson river and that such excavation and the incidental opening of the surface of the street was a necessary part of its corporate work. The legal rule applicable to this state of affairs is that if a statute of the state authorizes the doing of a certain thing in the prosecution of a public work, a city ordinance that makes the doing of such thing a penal offence unless the permission of the city be first obtained is not a valid exercise of municipal regulation. The general reason upon which this rule rests is that municipal control, which is one of regulation merely, is itself a delegated power, and hence is, *pro tanto,* revoked or limited by the direct exercise of the legislative function in the premises. The distinction to be borne in mind is that between municipal regulation and the assertion by a municipality of the right to qualify, abridge, or even to prohibit the exercise of a legislative franchise. The ordinance under review, if enforced, would sustain the municipality in its assertion of this larger right. The correct rule is stated by Mr. Justice Depue, in *Allen* v. *Jersey City,* 24 *Vroom* 522, 528: "Where the legislature in the grant of franchises has prescribed the rights and privileges of a company, the city government cannot qualify or abridge the force of the legislative grant. As against such a grant of franchises, beyond reasonable regulation, the city government, as was said by Mr. Justice Reed, in the Trenton case, is powerless to interfere." Other cases illustrating this rule are *Trenton Horse Railroad Co.* v. *Trenton,* 24 *Vroom* 132; *Madison* v. *Morristown Gaslight Co.,* 18 *Dick. Ch. Rep.* 120; *Consolidated Traction Co.* v. *East Orange,* 32 *Vroom* 202; *Hoboken and Manhattan Railroad Co.* v. *Hoboken,* 4 *Robb.* 122.

Our conclusion is that the sections of the ordinances of Hoboken brought under review in these proceedings are invalid as against the prosecutor acting within its corporate rights, or to express it in another way that such ordinances

are without application to the facts upon which the present convictions rest. The convictions are therefore set aside, with costs.